1 McLaurin Stipulation Bankruptcy Case # 19-12396/ELF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Gregory Wayne McLaurin and Roslyn Allisha McLaurin,<br>         Debtors. | CHAPTER 13<br><br>BANKRUPTCY CASE NUMBER<br>19-12396/ELF |
| Nationstar Mortgage LLC dba Mr. Cooper as servicer for THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2002-1,<br>         Movant,<br>v.<br>Gregory Wayne McLaurin and Roslyn Allisha McLaurin,<br>         Debtors,<br>William C. Miller, Trustee,<br>         Additional Respondent. | 11 U.S.C. § 362 |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtors' property at 1439 Edgewood Avenue, Roslyn, PA 19001 (the "Property"), are $5,907.95. The breakdown of the arrears is as follows:

| | |
|---|---:|
| Post-Payments from 05/01/2020 to 09/01/2020 at $997.33 each | $4,986.65 |
| Suspense Balance | ($309.70) |
| Bankruptcy Fees | $1,050.00 |
| Bankruptcy Costs | $181.00 |

2 McLaurin Stipulation Bankruptcy Case # 19-12396/ELF

3. If Debtors provide proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtors shall cure the arrearages in the following manner:

(a) The balance of the arrears, to-wit, $5,907.95, shall be cured by the Debtors through the Chapter 13 Plan. Debtors shall file an amended Chapter 13 Plan to pay the entire new adjusted arrearage claim of $31,464.64 to Movant (original arrearage claim of $25,556.69 + post arrears of $5,907.95) by September 25, 2020. Movant shall file an amended proof of claim to reflect the same;

5. Debtors shall resume making the regular monthly mortgage payments on October 1, 2020. If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(a) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(b) All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC dba Mr. Cooper as servicer for THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2002-1, at P.O. Box 619094, Dallas, Texas 75261-9741;

(c) Should the Debtor's post-confirmation plan be denied confirmation, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief as to the Property.

3 McLaurin Stipulation Bankruptcy Case # 19-12396/ELF

(d)     All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

6.      In the event that Debtors fails to file an Amended Chapter 13 Plan within the time period prescribed above, or if Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court shall enter an Order granting Movant relief from the automatic stay as to the Property.

7.      In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtors shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtors fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

8.      Debtors understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtors shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

4 McLaurin Stipulation Bankruptcy Case # 19-12396/ELF

9. The proof of claim of Nationstar Mortgage LLC dba Mr. Cooper as servicer for THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2002-1 is hereby updated to conform to this Agreed order, and further, this Agreed Order shall serve as a Supplemental Proof of Claim.

10. Debtors agree that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: September 1, 2020

Kristen D. Little, Esquire  by Christopher A. DeNardo, Esquire
Attorney for Movant

Dated: 8/29/2020

Alfred Abel, Esq.
Attorney for Debtors

Dated: 9/16/2020

/s/ LeRoy W. Etheridge, Esq.   for
William C. Miller
Trustee

NO OBJECTION
*without prejudice to any
trustee rights and remedies

AND NOW, this _____ day of _____, 2020, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

HONORABLE ERIC L. FRANK
UNITED STATES BANKRUPTCY JUDGE